

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable A. P. Allison
County Attorney
Kerr County
Kerrville, Texas

Dear Sir:

Opinion No. O-6560

Re: Authority of commissioners' court to make expenditures from the county general fund to pay (1) salaries and expenses of supervised playground program, sponsored by the city, school and civic organizations, and (2) expenses of band concerts to be held on public square during summer months.

We are in receipt of your letter of recent date requesting the opinion of this department on the above stated matters. We quote from your letter as follows:

"The commissioners' court of Kerr County has requested that I write your department to ascertain the legality of the commissioners' court appropriating funds out of the general funds of the county for the purpose of paying salaries and expenses of a supervised playground program, sponsored by the city, school and civic organizations.

"The commissioners' court has further requested that I obtain your opinion as to the legality of the expenditure of money from the general fund for the expense of band concerts to be held on the public square during the summer months."

It is well established in this State that the county commissioners' court has only such authority as is expressly conferred or necessarily implied upon it by the Constitution and statutes of this State.

In the case of Edwards County v. Jennings (Civ. App.) 33 S. W. 585, the court held that counties are component parts of the State and have no powers or duties except those which are set forth and defined in the Constitution and statutes. The statutes have clearly defined the powers, prescribed the duties, and imposed the liabilities of the commissioners' court - the medium through which the different counties act - and from these statutes must come all the authorities vested in the counties.

In 11 Texas Jurisprudence, Section 37, pp 564-565, we find the following language:

> ". . . . Commissioners' courts are courts of limited jurisdiction, in that their authority extends only to matters pertaining to the general welfare of their respective counties and that their powers are only those expressly or impliedly conferred upon them by law, - that is, by the Constitution and statutes of this state. . ." (Citing Sun Vapor Electric Light Company v. Keenan, 30 S. W. 868; Hill County v. Hamilton, 273 S. W. 292; Temple Lumber Company v. Commissioners' Court of Sabine County, Texas, 239 S. W. 668; City of Breckenridge v. Stephens County, 26 S. W. (2d) 405; Moore v. McLennan County, 275 S. W. 478; Seward v. Falls County, 246 S. W. 728; and other cases).

We have been unable to find any constitutional or statutory authority which would authorize the commissioners' court of a county to expend county funds for the purposes set out above.

In view of the foregoing, it is the opinion of this department that the commissioners' court of Kerr County is not authorized to make expenditures from the General Fund to pay salaries and expenses in connection with a supervised playground program sponsored by the city, school and civic

organizations, or to pay expenses incident to holding band concerts on the public square.

We trust that we have satisfactorily answered your inquiry.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By J. A. Ellis
J. A. Ellis
Assistant

Gerald C. Mann

JAE:LJ

